NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-2891
_____

UNITED STATES OF AMERICA

v.

MIGUEL LAVENANT,
Appellant

_____

On Appeal from United States District Court
for the District of Delaware
(D. Del. No. 1-12-cr-00028-002)
District Judge:  Honorable Richard G. Andrews
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 20, 2015

Before:  FISHER, CHAGARES, and COWEN, *Circuit Judges*.

(Filed: April 21, 2015 )
_____

OPINION[*]
_____

FISHER, *Circuit Judge*.

Miguel Angel Lavenant was convicted of one count of conspiracy to distribute

cocaine and three counts of money laundering in the United States District Court for the

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

District of Delaware. The District Court sentenced him to 293 months of imprisonment. Lavenant appeals both his conviction and sentence. We will affirm.

I.

We write principally for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts that are necessary to our analysis.

In November 2011, Roscoe Hall asked a source cooperating with the Drug Enforcement Administration ("DEA") to send a truck with a hidden compartment from Delaware to San Diego, California, and to transport it back to Delaware. DEA agents provided the source with such a truck and observed the truck in San Diego. The agents saw Hall and Lavenant drive it to Lavenant's house, where they loaded the truck with over 5 kilograms of cocaine.

When Hall arrived in Delaware, agents arrested him. Hall told them that Lavenant supplied him with cocaine that he distributed in Delaware and agreed to cooperate in the agents' investigation of Lavenant. In a series of phone calls, Lavenant instructed Hall to deposit money for the cocaine in three bank accounts in the names of others. Hall deposited the money at bank branches located in Delaware and New Jersey.

In May 2012, agents searched Lavenant's California home pursuant to a search warrant based in part on information Hall provided. They discovered a telephone used to

communicate with Hall, documents associated with the three bank accounts, and paraphernalia used to package cocaine.

A federal grand jury in Delaware indicted Lavenant on one count of conspiracy to distribute five or more kilograms of cocaine, in violation of 21 U.S.C. §§ 841 and 846, and one count of distribution of cocaine, in violation of 21 U.S.C. § 841. After being arrested in and extradited from California, the grand jury issued a superseding indictment that added three counts of money laundering, in violation of 18 U.S.C. §§ 2 and 1956.

The District Court granted Lavenant's request to represent himself. He filed two motions to dismiss the superseding indictment, a motion to suppress the evidence discovered as a result of the search of his home, and a motion for a hearing pursuant to *Franks v. Delaware*.[1] The District Court denied the motions. The District Court also dismissed the second distribution of cocaine charge without prejudice for lack of venue in Delaware.

A jury found Lavenant guilty of the remaining four charges. After a two-day sentencing hearing, the District Court sentenced Lavenant to 293 months of incarceration. Lavenant filed a timely appeal.[2]

---

[1] 438 U.S. 154 (1978).
[2] Although we appointed counsel to represent Lavenant in this appeal, Lavenant requested to proceed pro se and waived counsel. Accordingly, we granted his request to proceed pro se.

II.

Having construed his pro se brief liberally, we find that Lavenant challenges his

conviction and sentence on four grounds. First, he argues that the District Court lacked

jurisdiction over his case and that venue was not proper in the District of Delaware.

Second, he argues that the superseding indictment was improper. Third, he argues that the

search warrant for his California home was not supported by probable cause and was not

properly issued. And finally, he argues that his sentence of 293 months of incarceration

violates his Sixth Amendment right to a jury trial and is unreasonable.[3] We address each

argument in turn.

A.

The District Court had jurisdiction over this criminal prosecution, and based on

the evidence produced at trial, venue was proper for each of the charges in the District of

Delaware.[4]

Title 18 United States Code section 3231 gives district courts original jurisdiction

over criminal prosecutions for violations of federal law. Because Lavenant was indicted

---

[3] At times, Lavenant's brief refers to trial rulings and the admission of certain evidence as improper. However, he does not specifically identify which rulings he thinks were improper and presents no explanation as to why they were improper. "[A] passing reference to an issue . . . will not suffice to bring that issue before this [C]ourt." *Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Energy Corp.*, 26 F.3d 375, 398 (3d Cir. 1994) (alteration in original) (internal quotation marks omitted).

[4] We review questions of jurisdiction and venue de novo. *See United States v. Auernheimer*, 748 F.3d 525, 532 (3d Cir. 2014); *United States v. Best*, 304 F.3d 308, 311 (3d Cir. 2002). We have jurisdiction over this appeal under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

for violating federal drug trafficking and money laundering statutes, the District Court had jurisdiction over the charges.

Federal Rule of Criminal Procedure 18 requires that a trial take place in the district where the alleged offense was committed. Title 18 United States Code section 3237(a) allows a trial for a continuing offense to take place "in any district in which such offense was begun, continued, or completed." For conspiracy, "venue can be established wherever a co-conspirator has committed an act in furtherance of the conspiracy."[5] When venue is materially disputed, the Government must prove venue to the jury by a preponderance of the evidence.[6]

For the conspiracy charge, Hall contacted the cooperating source in Delaware to arrange for the truck with a hidden compartment to be sent to San Diego. Lavenant also communicated with Hall in Delaware about distributing cocaine there, and Hall distributed cocaine he received from Lavenant in Delaware. And for the money laundering charges, Hall deposited money in Delaware into the bank accounts Lavenant identified. These facts were sufficient for the jury to conclude that venue was proper in the District of Delaware.

## B.

Lavenant's second argument is that the District Court should have dismissed the superseding indictment because it changed the charges against him without having been

---

[5] *United States v. Perez*, 280 F.3d 318, 329 (3d Cir. 2002).
[6] *Id.* at 334.

resubmitted to the grand jury.[7] He claims that only an Assistant United States Attorney signed the superseding indictment, not the grand jury foreperson. This argument loses. The grand jury issued the superseding indictment. The copy of the superseding indictment in the appendices the parties submitted on appeal lacks the grand jury foreperson's signature because it is redacted to protect the foreperson's identity.[8] The unredacted version of the superseding indictment—which is on file with the District Court as Docket Entry 37 but not publicly available—bears the foreperson's signature. In addition to being properly issued, the superseding indictment adequately pled the charges and otherwise provided Lavenant with fair notice of the charges against him.[9] Thus, we will affirm the District Court's decision not to dismiss the superseding indictment.

## C.

Lavenant next brings a variety of challenges to the search warrant that agents executed at his home.[10] He says that the Government forged the Magistrate Judge's signature on the warrant, that the warrant was an improper general warrant, and that the warrant was not supported by probable cause. None of these arguments has merit.

---

[7] We review challenges to an indictment de novo. *See United States v. Werme*, 939 F.2d 108, 112 (3d Cir. 1991).

[8] *See* Supp. App. at 23.

[9] *Werme*, 939 F.2d at 112.

[10] In reviewing the District Court's denial of the motion to suppress, we review its legal conclusions de novo and its factual findings for clear error. *See United States v. Ritter*, 416 F.3d 256, 261 (3d Cir. 2005).

6

First, no one forged the Magistrate Judge's signature on the search warrant. Lavenant's basis for this argument is that the signature that appears on the search warrant is different from the initials of the Magistrate Judge on a later order rejecting one of Lavenant's filings.[11] As the District Court stated, this discrepancy is of no legal import. The order rejecting Lavenant's filing was signed by one of the Judge's staff members with the authority to do so. The staff member placed the Judge's initials in the area of the order marked, "Chambers Of:" to indicate which judge was issuing the order.[12] The Judge's signature on the search warrant was authentic and not forged.

Second, the warrant was not an improper general warrant. The warrant refers to an Attachment A to describe the premises to be searched and an Attachment B to describe the things to be seized.[13] Attachment A adequately describes Lavenant's home, and Attachment B adequately describes the things to be seized: narcotics, proceeds from the sale of narcotics, firearms, financial records, and communication devices.[14] Therefore, the warrant "particularly describ[ed] the place to be searched, and the . . . things to be seized."[15]

Third, the search warrant was supported by probable cause. A warrant may not issue without probable cause that the place to be searched contains a person or items that

---

[11] *Compare* Supp. App. at 432 (search warrant), *with* Dist. Ct. Dkt. Entry 45 at 4 (later order).

[12] Dist. Ct. Dkt. Entry 45 at 4.

[13] Supp. App. at 432.

[14] Supp. App. at 429-31.

[15] U.S. Const. amend. IV.

may be seized.[16] A court reviewing a magistrate judge's finding that such probable cause existed must give "great deference" to that finding; we must ensure only that the Magistrate Judge had a "substantial basis" to find that probable cause existed.[17] The affidavit submitted with the warrant application gave the Magistrate Judge a substantial basis to find probable cause in this case. The affidavit detailed Lavenant and Hall loading the truck with cocaine in San Diego, phone calls and other contacts between Lavenant and Hall, and cash deposits to bank accounts Lavenant identified.[18] Accordingly, we will affirm the District Court's denial of the motion to suppress.

D.

Finally, Lavenant challenges his sentence of 293 months of incarceration on constitutional and reasonableness grounds.[19] Lavenant first argues that the District Court violated his Sixth Amendment right to a jury trial when it found certain facts by a preponderance of the evidence at his sentencing. He also argues that his sentence is an abuse of discretion.

The District Court did not violate Lavenant's right to a jury trial by finding certain facts at his sentencing. The Sixth Amendment requires that any fact that increases the

---

[16] *Id.*

[17] *United States v. Conley*, 4 F.3d 1200, 1205 (3d Cir. 1993) (internal quotation marks and emphasis omitted).

[18] Supp. App. at 425-27.

[19] We review constitutional challenges to a sentence de novo and challenges to the procedural and substantive reasonableness of a sentence for abuse of discretion. *See United States v. Tomko*, 562 F.3d 558, 567-68 (3d Cir. 2009) (en banc); *United States v. Lennon*, 372 F.3d 535, 538 (3d Cir. 2004).

statutory maximum or minimum sentence a defendant may receive be proven to the jury beyond a reasonable doubt.[20] Here, the jury found that Lavenant conspired to possess with the intent to distribute five kilograms or more of cocaine. This set the minimum sentence of incarceration Lavenant could receive at 120 months and the maximum at life.[21] Once the maximum and minimum sentences were established, the District Court could find facts pursuant to the advisory Sentencing Guidelines to determine an appropriate sentence.[22] The facts that Lavenant complains about were used to calculate the advisory Guidelines range. This did not violate Lavenant's right to a jury trial.

Lavenant's sentence is also procedurally and substantively reasonable. As required by our precedent, the District Court first calculated the Guidelines range.[23] After taking evidence at the sentencing hearing, the District Court found that Lavenant was responsible for more than 50 kilograms of cocaine and that the defendant possessed a firearm in relation to the offense. These facts are not clearly erroneous, and together they

---

[20] *See Alleyne v. United States*, 133 S. Ct. 2151, 2158 (2013).

[21] 21 U.S.C. § 841(b)(1)(A). Lavenant's convictions for money laundering carried no mandatory minimum sentence and a maximum sentence of 240 months. 18 U.S.C. § 1956(a)(3). Lavenant was sentenced to 120 months on each of those convictions, to run concurrently with his sentence for the conspiracy charge; the money laundering sentences complied with the Sixth Amendment.

[22] *See United States v. Grier*, 475 F.3d 556, 568 (3d Cir. 2007) (en banc).

[23] *See Tomko*, 562 F.3d at 567.

set Lavenant's offense level at 38.[24] With a criminal history score of zero, Lavenant's advisory Guidelines range was 235 to 293 months of incarceration. The District Court then heard the parties' arguments, considered all of the factors listed in 18 U.S.C. § 3553(a), and imposed a sentence it believed was appropriate.[25] Thus, Lavenant's sentence was procedurally reasonable. Additionally, considering the totality of the circumstances, we find the sentence of 293 months of incarceration to be substantively reasonable.[26] In reviewing the substantive reasonableness of a sentence, we must affirm "unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided."[27] Here, the magnitude of the cocaine and money involved warranted such a high sentence.

III.

For the reasons set forth above, we will affirm Lavenant's judgment of conviction and sentence.

---

[24] *See* U.S.S.G. § 2D1.1(c)(2) (2012) (setting a base offense level of 36 for between 50 and 150 kilograms of cocaine); *id.* § 2D1.1(b)(1) (2012) (establishing a two level increase for possessing a firearm). Lavenant was sentenced using the 2012 version of the Sentencing Guidelines.

[25] *See Tomko*, 562 F.3d at 567.

[26] *Id.*

[27] *Id.* at 568.